UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THE PEOPLE OF THE STATE OF NEW YORK,

                          Plaintiff,

v.                                                   6:21-CV-1276
                                                   (GTS/TWD)

MATTHEW S. PARKER,

                          Defendant.
_____

APPEARANCES:

MATTHEW S. PARKER
Plaintiff, *pro se*
15 Main Street
Apartment M
Sidney, NY 13838

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

The State of New York ("Plaintiff") commenced an action against Matthew S. Parker ("Defendant") for allegedly operating a motor vehicle without a license. (Dkt. No. 1 at 4; Dkt. No. 3 at 5.) Defendant has since filed a notice of removal to this Court. (Dkt. No. 1.) Defendant also filed an application to proceed *in forma pauperis* ("IFP Application"). (Dkt. No. 3.) A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Defendant's IFP Application (Dkt. No. 3), the Court finds he meets this standard. Therefore, his IFP Application is granted.

The state action involves a traffic ticket accusing Defendant of driving a motor vehicle without a license in violation of New York Vehicle and Traffic Law § 509(1). (Dkt. No. 1 at 4.) Defendant claims removal is appropriate "pursuant to 28 U.S.C. § 1441(a), and or 28 U.S. Code

§ 1455(a)" because the New York statute prohibiting the unlicensed operation of motor vehicles violates his right to travel. *Id*. at 1-2; *see also* Dkt. No. 3. After carefully considering Defendant's notice of removal and the documents attached thereto, this Court finds removal is inappropriate and recommends that this case be dismissed and remanded to state court.

**I.    LEGAL STANDARD**

A "civil action" initially filed in state court may only be removed to federal court if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").[1] Removability pursuant to this statute is "strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 922 F. Supp. 2d 475, 480 (S.D.N.Y. 2013). Simply put, "all doubts should be resolved in favor of remand." *Town of Southold v. Go Green Sanitation, Inc.*, 949 F. Supp. 2d 365, 371 (E.D.N.Y. 2013) (citation omitted).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* "She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.*

---

[1] Unless otherwise indicated, in quoting cases, all alterations, internal quotation marks, emphases, footnotes, and citations are omitted. *See, e.g.*, *Sczepanski v. Saul*, 946 F.3d 152, 157 n.4 (2d Cir. 2020).

"Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). "A district court must remand a case to state court 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003) (quoting 28 U.S.C. § 1447(c)); *see also* 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

## II. DISCUSSION

Removal is not appropriate under 28 U.S.C. § 1441. As noted above, Defendant argues removal is appropriate because this Court has jurisdiction to consider his defense that the traffic ticket violates his right to travel. (*See* Dkt. No. 1 at 1-2.) Defendant's assertion of a federal defense does not create original jurisdiction. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citing *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908)).[2] Stated differently, "a defendant may not generally remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law." *Id.* (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 10 (1983)). Defendant has accordingly failed to demonstrate that this case is removable pursuant to 28 U.S.C. § 1441(a). *See New York v. Parenteau*, No. 6:21-CV-952 (DNH) (TWD), 2021 WL

---

[2] *See, e.g.*, *HSBC Bank USA, Nat'l Ass'n as Tr. for Opteum Mortg. Acceptance Corp. Asset-Backed Pass-Through Certificates Series 2005-2 v. Vitti*, No. 3:21-CV-1221 (SRU), 2021 WL 4810578, at *2 (D. Conn. Oct. 15, 2021); *Fed. Nat'l Mortg. Ass'n v. Samuel*, No. 07-CV-4125 (JS)(WDW), 2007 WL 9725047, at *2 (E.D.N.Y. Dec. 20, 2007); *1199 Hous. Corp. v. White*, No. 04 CIV. 3152 (NRB), 2004 WL 1118248, at *1 (S.D.N.Y. May 19, 2004); *City of New York v. Simithis*, No. 88 CIV. 1618 (KC), 1988 WL 59965, at *3 (S.D.N.Y. June 9, 1988).

4267782, at *2 (N.D.N.Y. Sept. 3, 2021), *report and recommendation adopted*, 2021 WL 4263178 (N.D.N.Y. Sept. 20, 2021).

Removal is not appropriate under 28 U.S.C. § 1443 either.[3] The removal of state civil or criminal prosecution to federal court under 28 U.S.C. § 1443 is appropriate in two narrow circumstances. *See* 28 U.S.C. §§ 1443(1)-(2); *In re Fischer*, No. 19-CV-3793(JS)(ARL), 2019 WL 3281127, at *1 (E.D.N.Y. July 18, 2019). The state court prosecution that Defendant seeks to remove does not qualify for removal under either. *See* 28 U.S.C. §§ 1443(1)-(2).

The first of the two narrow circumstances is governed by 28 U.S.C. § 1443(1), which allows defendants to remove state court prosecutions to federal court only if they meet both prongs of a two-part test. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *State of Ga. v. Rachel*, 384 U.S. 780, 788 (1966). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." *Johnson*, 421 U.S. at 219 (quoting *Rachel*, 384 U.S. at 792). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Id.*; *see, e.g.*, *Suffolk Cty. Dep't of Soc. Servs. v. Clarke*, 807 F. App'x 133, 135 (2d Cir. 2020) (remanding because defendant's claims were "not based on racial discrimination"); *In re*

---

[3] Defendant claims removal is appropriate under 28 U.S.C. § 1455(a). (Dkt. No. 1 at 1-2.) However, 28 U.S.C. § 1455 is a procedural statute that does not confer jurisdiction. *Compare* 28 U.S.C. § 1455 (outlining the procedures for "defendants desiring to remove any criminal prosecution from a State court"), *with id.* at § 1443 ("Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant"); *see also State of Utah v. Bryson*, No. 2:15-MC-00890 (JNP) (EJF), 2016 WL 4702101, at *2 (D. Utah Aug. 19, 2016), *report and recommendation adopted,* 2016 WL 4691590 (D. Utah Sept. 7, 2016). The Court accordingly construes Defendant's *pro se* pleading liberally, evaluating whether removal is valid under 28 U.S.C. § 1443. *See, e.g.*, *State of N.M. v. Gutierrez*, 409 F. Supp. 2d 1346, 1348 (D.N.M. 2006).

4

*Fischer*, No. 19-CV-3793(JS)(ARL), 2019 WL 3281127, at *2 (E.D.N.Y. July 18, 2019) (remanding because defendant failed to allege "the state criminal case violates his civil rights in terms of racial equality").

Defendant's removal petition does not satisfy this first prong of the two-part test. (*See* Dkt. No. 1.)  He makes no claim that by prosecuting him for driving without a license, New York is violating a federal right that safeguards racial equality. *See id.*  Stated differently, he makes no claim that a federal civil rights law directed towards racial equality gives him the right to drive his Mercedes Benz without a license. *See id.*; *see also* Dkt. No. 3 at 5.  Nor can he, because "no federal law confers an absolute right on private citizens . . . to drive an automobile without a license," and "no federal law confers immunity from state prosecution on such charges." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 826-27 (1966); *see also City of Chandler v. Hansen*, No. CV-10-0072 (JAT), 2010 WL 2790530, at *1-3 (D. Ariz. July 14, 2010) (remanding a state court prosecution for a "photo-radar traffic ticket").[4]  Defendant has accordingly failed to demonstrate that removal is appropriate under 28 U.S.C. § 1443(1).

The second of the two circumstances where individuals can remove state court prosecutions to federal court is governed by 28 U.S.C. § 1443(2).  This subsection "applies only to federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights, and state officers who

---

[4] Defendant also fails to satisfy the second prong of 28 U.S.C. § 1443(1) because he makes no claim that he cannot enforce his rights in New York State court. *See New York v. Smith*, 494 F. App'x 138, 140 (2d Cir. 2012) (remanding because defendant did not "offer any reason for us to conclude that New York State courts cannot protect whatever federal rights he may assert in his criminal proceeding or that those rights will inevitably be denied."); *New York v. Dickerson*, No. 20-CR-208 (PKC), 2020 WL 3263771, at *3 (E.D.N.Y. June 16, 2020) ("Defendant does not satisfy the second prong under § 1443(1), because he makes no allegation that he cannot enforce his constitutional right in state court.").

refuse to do an act on the ground that it would be inconsistent with civil rights laws." *Delaware v. Desmond*, 792 F. App'x 241, 242 (3d Cir.), *cert. denied*, 141 S. Ct. 180 (2020); *see also Dickerson*, 2020 WL 3263771, at *3. Defendant is neither a federal nor state officer, and he has made no allegation that his act of driving without a license was protected conduct in furtherance of racial equality. *See Wachtler v. Cuomo*, No. 91-CV-1235, 1991 WL 249892, at *3 (N.D.N.Y. Nov. 21, 1991) ("There is no question that § 1443 was meant to protect certain individuals from prosecution in state courts for their actions or omissions in furtherance of racial equality."). Defendant's removal petition accordingly fails to meet the requirements of 28 U.S.C. § 1443(2). *See Gonzalez v. Clark*, No. 19-CV-10542 (CM), 2019 WL 6878546, at *2 (S.D.N.Y. Dec. 16, 2019) (remanding because defendant failed to allege "that he is a federal officer or member of the armed forces being prosecuted for actions taken under color of office"); *Legister v. Pagones*, No. 19-CV-3676 (LLS), 2019 WL 2408029, at *2 (S.D.N.Y. June 5, 2019) (same).

### III.   CONCLUSION

For the foregoing reasons, the Court recommends dismissing Defendant's removal petition and remanding this action to State court.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's IFP Application (Dkt. No. 3) is **GRANTED** solely for purposes of initial review; and it is further

**RECOMMENDED** that the petition for removal (Dkt. No. 1) be **DISMISSED** and the matter be **REMANDED** to the state court in which the proceeding was commenced; and it is further

**ORDERED** that the Clerk provide Defendant with a copy of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[5] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: January 10, 2022
       Syracuse, New York

*[signature]*
Thérèse Wiley Dancks
United States Magistrate Judge

---

[5] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. 6(a)(1)(C).