UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PEOPLE OF THE STATE OF NEW YORK,

                Plaintiff,

v.                                               6:21-CV-1276
                                                     (GTS/TWD)

MATTHEW S. PARKER,

                Defendant.
_____

APPEARANCES:

MATTHEW S. PARKER
  Defendant, *Pro Se*
15 Main Street, Apt. M
Sidney, New York 13838

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

      Currently before the Court, in this removed action against Matthew S. Parker ("Defendant") by People of the State of New York, is United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Defendant's petition for removal (Dkt. No. 1) be dismissed and that the action be remanded to state court, because the action does not qualify for removal under 28 U.S.C. § 1441(a) and/or § 1455(a). (Dkt. No. 5.)  Plaintiff has not filed an objection to the Report-Recommendation, and the deadline by which to do so has expired.  (*See generally* Docket Sheet.)

      After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear-error in the Report-

Recommendation.[1]  Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Petition for Removal (Dkt. No. 1) is **DISMISSED** and this action is **REMANDED** to the state court in which the proceeding was commenced.

Dated: February 3, 2022
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).